## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| GLENDA GANEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-269 |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

The parties have jointly moved for an order under Fed. R. Civ. P. 21 "dropping [improperly named] Lowe's Home Improvement, LLC from this action as party defendant and adding Lowe's Home Centers, LLC as a party defendant[.]" Doc. 11 at 1-2. The parties' joint request to add Lowe's Home Centers, LLC as a party is **GRANTED**. Doc. 11, in part. The Court **RECOMMENDS**[1] that Lowe's Home Improvement, LLC be **DISMISSED** without prejudice. Doc. 11, in part.

---

[1] The undersigned's authority to grant a request to voluntarily dismiss a party is, at best, ambiguous. Federal Rule of Civil Procedure 72(b) requires a magistrate judge, in any pretrial motion "dispositive of a claim or defense" to "enter a recommended disposition," subject to a fourteen-day objections period and *de novo* review by the district judge. *Id.* Generally, "[o]rders granting leave to amend are non-dispositive, as they do not remove claims or defense of a party." *Vanderwalker v. Quandt's Food Serv. Distribs., Inc.*, 934 F. Supp. 42, 48 (N.D.N.Y. 1996). However, the parties' motion seeks disposition and removal of all claims against Lowe's Home

Subject to the terms of this Order, when Lowe's Home Improvement, LLC is dismissed, the caption of this Complaint will herein after be styled as Glenda Ganem, Plaintiff, v. Lowe's Home Centers, LLC, Defendant.  It is further **ORDERED** that Lowe's Home Centers, LLC shall be substituted each and every place Lowe's Home Improvement,

Improvement, LLC.  Doc. 11.  There is some authority that a magistrate judge has authority to correct a misnomer, effectively dismissing the misnamed defendant and substituting the properly named defendant.  *See Knutson v. Walker Grp., Inc.*, 343 F. Supp. 2d 971, 973 (D. Colo. 2004) (misnamed defendant filing a motion to dismiss "does not convert plaintiff's request to correct the name of the party into a dispositive motion." (citing Fed. R. Civ. P. 15, 17)); *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at * 3 (S.D. Ga. June 10, 2016) ("In the meantime, pursuant to Rule 21, the Court removes [a defendant] as a party.").  Other courts, however, have treated dismissals under Fed. R. Civ. P. 21 as requiring Rule 72's Report and Recommendation procedure.  *See, e.g., Uniloc 2017, LLC v. Google, LLC*, 2019 WL 6002205, at * 1 (E.D. Tex. Sept. 10, 2019); *Core Labs. LP v. AmSpec, LLC*, 2017 WL 1407652, at * 1 (S.D. Ala. Apr. 19, 2017).  Even courts that treat such motions as within the magistrate judge's power are not wholly confident.  *See Foden v. Floyd*, 2019 WL 2343676, at * 2, n.1 (E.D. Mich. May 31, 2019) ("Because Plaintiff's unopposed motion to voluntarily dismiss [a defendant], pursuant to Rule 21, is not enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), and involves a non-dipositive matter which does not put an end to the proceedings before the Court, an opinion and order is effective. [Cit.]  However, to extent the parties disagree, they may treat the Court's order on this motion as a report and recommendation and file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) . . . .").

Given that ambiguity, the Court grants the joint motion, but should any party object to the dismissal of Lowe's Home Improvement, LLC within fourteen days, the Clerk is **DIRECTED** to convert this Order into a Report and Recommendation.  Upon conversion of this Order into a Report and Recommendation, the Clerk shall submit the R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

LLC is named in any pleadings as if Lowe's Home Improvement, LLC

had never been named.

      **SO ORDERED**, this 2nd day of February, 2023.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA